# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LANDO GASPAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | Case No. CV 17-7161-JGB (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**PROCEEDINGS**

On September 28, 2017, Mark Lando Gaspar ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

///
///
///
///
///

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following:

Claim I: Plaintiff was assaulted by a law enforcement officer in front of patrol car and courthouse cameras. He was hit several times in the face, resulting in a black eye and busted lip. (Complaint at 5.)[1]

Claim II: Plaintiff was tased by officers, causing injuries. (Id.)

Claim III: Plaintiff was pepper sprayed by officers at an East Los Angeles liquor store, and then was driven to a police station. His left eye again was blinded by pepper spray during transport to the sheriff's station, while Plaintiff was handcuffed in the back seat of the patrol car. (Id. at 6.)

Claim IV: Plaintiff's rib was fractured by a security guard while Plaintiff was awaiting the arrival of the Montebello Police Department. (Id. at 6.)

Thus, it appears that Plaintiff is attempting to assert four excessive force claims. To the extent that Plaintiff is attempting to assert any other claims, they are not sufficiently identified in the Complaint.

**DISCUSSION**

**I.  PLEADING STANDARDS**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of

---

[1] The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and

responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II.     PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION

The caption of the Complaint lists the County of Los Angeles as a Defendant. (Complaint at 1.) Later in the Complaint, however, Plaintiff lists the defendants as Roy Sanchez, Enelda Montano, two unnamed sheriff's deputies, and an unnamed convalescent home security guard. (Id. at 3-4.)

The individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). Thus, Plaintiff must list Roy Sanchez, Enelda Montano, the two unnamed sheriff's deputies, and the unnamed convalescent home security guard on page 1 of any amended

complaint. The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

## III.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Plaintiff has sued all Defendants in their official capacities. (Complaint at 3-4.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Thus, Plaintiff's suit against Defendants in their official capacities is tantamount to a suit against the Department.

A local governmental entity, such as the Department, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir.

2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee. City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. Plaintiff alleges no facts to support a claim against the Defendants in their official capacities.

Thus, Plaintiff's claims against the Defendants in their official capacities are subject to dismissal for failure to set forth facts to support a Monell claim. If Plaintiff chooses to file an amended complaint, he should not sue Defendants in their official capacities unless he can allege specific facts demonstrating that the Department has a policy, regulation, custom, or practice by which the Defendants inflicted the injuries about which Plaintiff is complaining.

## IV. PLAINTIFF MUST DEMONSTRATE DEFENDANTS' PERSONAL PARTICIPATION IN THE ALLEGED CIVIL RIGHTS VIOLATIONS

Plaintiff asserts that he was the victim of four excessive force incidents. However, Plaintiff has not specifically articulated the particular acts allegedly perpetrated by each officer. In other words, Plaintiff has not explained clearly which officers did which acts. To demonstrate a civil rights violation, a plaintiff must show either direct, personal participation or some sufficient causal connection between the defendants' conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Plaintiff's allegations regarding the civil rights violations are conclusory and vague. Plaintiff must include specific facts showing the personal participation of individual defendants in the alleged violations. Iqbal, 556 U.S. at 676 (holding that a complaint must include specific facts for a plausible claim). Plaintiffs must identify how the individual defendants personally

participated in the allegedly wrongful conduct.  Accordingly, Plaintiff's excessive force claims against Defendants must be dismissed with leave to amend.

If Plaintiff chooses to file an amended complaint, he should name the officers in their individual capacities.  He also should plead additional facts regarding the circumstances surrounding the incident at issue in accordance with the standards set forth above by explaining how each named officer allegedly participated in allegedly wrongful conduct.

## V. PLAINTIFF FAILS TO SHOW THAT THE CONVALESCENT HOME SECURITY GUARD WAS A STATE ACTOR

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead facts establishing that the defendants (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations and citations omitted).  Here, Plaintiff alleges a deprivation of his Fourth Amendment rights to be free of unlawful searches and seizures.  The Fourteenth Amendment, which incorporates the Fourth Amendment against the states, applies only against "state action."  Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982).  "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes."  Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 n.2 (2001) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982)).

Courts "start with the presumption that private conduct does not constitute governmental action."  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).  "Whether a private party engaged in state action is a highly factual question."  Brunette v. Humane Soc. of Ventura Cnty., 294 F.3d 1205, 1209 (9th Cir. 2002).  Conclusory allegations are insufficient to establish the element of state action.  See Dietrich

v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation of joint action will not overcome a motion to dismiss. Plaintiff must allege facts tending to show that Defendants acted under color of state law or authority.") (internal quotations, ellipses, and citation omitted).

The Ninth Circuit has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Regardless of which test applies, the fundamental consideration is whether the private conduct is fairly attributable to the state. Id. at 1096; see also Lugar, 457 U.S. at 937. Ultimately, a plaintiff bears the burden of establishing that a particular defendant is a state actor under any applicable test. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

Here, there is no indication that the convalescent home security guard was a state actor. If Plaintiff chooses to file an amended complaint, he must allege facts demonstrating that the convalescent home security guard's actions are fairly attributable to the state. If Plaintiff cannot allege such facts, he should not name the security guard as a defendant in a Section 1983 claim.

* * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself

without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.


DATED: January 24, 2018                              /s/ John E. McDermott
                                                   JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE