# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARK LANDO GASPAR,

    Plaintiff,

v.

COUNTY OF LOS ANGELES, et al.,

    Defendants.

Case No. CV 17-7161-JGB (JEM)

MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

## **PROCEEDINGS**

On September 28, 2017, Mark Lando Gaspar ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

On January 24, 2018, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.

On March 5, 2018, Plaintiff filed a First Amended Complaint.

On April 11, 2018, the Court issued a Memorandum and Order Dismissing First Amended Complaint With Leave to Amend.

On May 14, 2018, Plaintiff filed a Second Amended Complaint ("SAC").

For the reasons set forth below, the Court finds that the SAC should be dismissed with leave to amend.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following:

Claim I: An unnamed Los Angeles Sheriff's Department ("LASD") deputy assaulted Plaintiff by pepper spraying Plaintiff's left eye while he was handcuffed in a patrol car. (SAC at 5.)

Claim II: An unnamed "lady police executive officer" of the LASD punched Plaintiff in the face and mouth leaving him with a black eye, busted lip, and other injuries. (SAC at 5.)

Claim III: "Executive police officer No. 519559 ('LASD')" tazed Plaintiff while executing a warrant. Although it is not entirely clear, Plaintiff appears to allege that Deputy Roy Sanchez was the person who used excessive force on him. (SAC at 5.)

Thus, Plaintiff is attempting to assert excessive force claims based on three separate incidents. To the extent that Plaintiff is attempting to assert any other claims, they are not sufficiently identified in the SAC.

Plaintiff names only the County of Los Angeles as a defendant in the caption of the SAC (SAC at 1), but he does not name the County in the body of the SAC (SAC at 3). Conversely, he does not name the three individual defendants in the caption of the SAC (SAC at 1), but only names them in the body (SAC at 3).

**DISCUSSION**

**I.  PLEADING STANDARDS**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual

allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under

§ 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

## II. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION AND THE BODY OF THE COMPLAINT

The caption of the SAC lists the County of Los Angeles as the sole defendant. (SAC at 1.) Later in the SAC, however, Plaintiff lists three unnamed LASD deputies as defendants, all of whom are sued in their individual and official capacities. (SAC at 3.) However, he does not name the County as a defendant in the body of the SAC.

The SAC does not sufficiently identify any defendant for purposes of ordering service of the summons and complaint.

If Plaintiff chooses to file another amended complaint, he must:

1. <u>List all defendants on page one (the caption) of the complaint</u>, including:
    a. the County of Los Angeles;
    b. LASD male deputy;
    c. LASD female deputy; and
    d. LASD male deputy, employee number 519559 (or name Deputy Roy Sanchez if this is the person Plaintiff is attempting to identify).

4

2. <u>List all defendants on pages 3 and 4 of the complaint</u>, including:
   a. the County of Los Angeles;
   b. LASD male deputy;
   c. LASD female deputy; and
   d. LASD male deputy, employee number 519559 (or name Deputy Roy Sanchez if this is the person Plaintiff is attempting to identify).

The same names should be listed on page one (the caption) and on pages 3 and 4.

If Plaintiff fails to properly name a defendant, the Court will be unable to order service of the summons and complaint. If Plaintiff fails to comply with these directions and does not properly name a defendant, this action may be dismissed for failure to comply with a court order. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).

### III. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE COUNTY OR ANY OTHER DEFENDANTS IN THEIR OFFICIAL CAPACITIES

As stated above, Plaintiff names the County in the caption of the SAC, and also identifies in the body of the SAC three unnamed LASD deputies as defendants in their individual and official capacities.

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 159. Thus, Plaintiff's suit against the three unnamed LASD deputies in their official capacities is tantamount to a suit against the County.

A local governmental entity, such as the County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee. City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

    Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. Plaintiff alleges no facts to support a claim against the three unnamed officers in their official capacities or against the County.

    Thus, Plaintiff's claims against the County and the deputies in their official capacities are subject to dismissal for failure to set forth facts to support a Monell claim. Plaintiff is again admonished that if he chooses to file an amended complaint, he should <u>not</u> sue the County or defendants <u>in their official capacities</u> unless he can allege specific <u>facts</u> demonstrating that the County has a policy, regulation, custom, or practice by which the defendants inflicted the injuries about which Plaintiff is complaining.

The Court will afford Plaintiff a final opportunity to amend his pleadings to state facts supporting a Monell claim. If he fails to do so, the Court will recommend that such claims be dismissed without leave to amend.

## IV. FOR PURPOSES OF SCREENING PLAINTIFF HAS SUFFICIENTLY ALLEGED A FOURTEENTH AMENDMENT EXCESSIVE FORCE CLAIM

It appears that Plaintiff is attempting to allege excessive force claims based on three separate incidents. The Fourteenth Amendment's Due Process Clause applies to protect individuals who have not yet been convicted of a crime from the use of excessive force that amounts to punishment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015); see also Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Bell v. Wolfish, 441 U.S. 520, 535 (1979). A plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable" in light of the facts and circumstances confronting them, without regard to their mental state. Kingsley, 135 S. Ct. at 2472-73; see also Graham, 490 U.S. at 397 (applying an objectively unreasonable standard to a Fourth Amendment excessive force claim arising during an investigatory stop). In determining whether the use of force was reasonable, the Court should consider factors including, but not limited to:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Kingsley, 135 S. Ct. at 2473.

Because officers are often forced to make split-second decisions in rapidly evolving situations, the reasonableness of a particular use of force must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. at 2473-74 (citing Graham, 490 U.S. at 396). Further, "'[n]ot every push or shove, even if it may later seem unnecessary in the

peace of a judge's chambers,'" violates the Constitution. <u>Graham</u>, 490 U.S. at 396 (quoting <u>Johnson v. Glick</u>, 481 F.2d. 1028, 1033 (2nd Cir. 1973).

Construing the facts set forth in the SAC in the light most favorable to Plaintiff and in consideration of his <u>pro se</u> status, the Court finds that for purposes of screening Plaintiff has sufficiently alleged excessive force based on the three separate incidents set forth in the SAC.

\* \* \* \*

For the reasons set forth herein, the SAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Third Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Third Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Third Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Third Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: <u>June 13, 2018</u>            <u>/s/ John E. McDermott</u>
                                                    JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE